(6 Misc. Rep. 469.)

### LOMBARD v. MOORE et al.

(Supreme Court, Special Term, Niagara County. January, 1894.)

MORTGAGES—PAYMENT—EVIDENCE.

In an action to foreclose a mortgage, which by various assignments had passed to defendant's son H., and from H. to plaintiff, defendant alleged payment by maintaining a child of H. at his request, and on his agreement to satisfy the mortgage. It appeared that defendant had maintained the child, and that the reasonable value of such maintenance exceeded the amount of the mortgage. Defendant adduced evidence that at the time H. held the mortgage he said that it should never bother defendant, as she had taken care of his child. *Held* sufficient to establish the defense of the payment.

Action against Nancy Moore and others to foreclose a mortgage. Complaint dismissed.

D. E. Brong and D. E. Jeffery, for plaintiff.

P. F. King, for defendants.

WARD, J. This action was brought to foreclose a bond and mortgage executed on the 2d of October, 1882, by Benjamin F. Moore to Susan A. Mead to secure the payment of $300, with interest, five years from the date thereof, upon a house and lot in the town of Newfane, Niagara county. The defendant Nancy Moore also executed the mortgage. On the 3d of October, 1887, through various assignments, Phineas H. Corwin became the assignee and owner of the bond and mortgage. Benjamin S. Moore died before the commencement of this action, and by his will, which was duly proved, he devised to Nancy Moore the mortgaged property for life, remainder to Dexter Moore, his son. He also bequeathed to her all his personal property. Dexter conveyed to his mother, Nancy, so that at the time of the commencement of this action the mortgaged premises belonged to Nancy Moore, and their value was about $700. Benjamin and Nancy had a son, Harvey B., who had an infant daughter, Millie Moore. Harvey lived separate from his wife. On the 17th of September, 1889, Corwin sold and assigned to Harvey the bond and mortgage, of which he took possession, and continued to be the holder of such bond and mortgage until the 23d of February, 1892, when he sold and assigned the same to Corwin. The defendant Nancy Moore defends the action, and alleges that the said mortgage became paid and satisfied by reason of Benjamin Moore and the defendant affording lodging and maintaining Millie for the period of two or three years at the request of the said Harvey, and upon his agreement to take up the mortgage and satisfy it, and that it should be satisfied by reason of such board, care, and maintenance.

It appeared in the evidence, without any substantial controversy, that the defendant and her husband boarded, lodged, and maintained Millie Moore for at least 122 weeks without compensation; and about five weeks of the time before her death (which occurred November 10, 1891) she was ill, and required special care. That a fair compensation for the same would be $3.50 per week, except the last five weeks, which would be $5 per week. The bond and mortgage became due and payable on the 2d of October, 1887. The last payment of interest upon the bond and mortgage, except as such payments might be worked out as claimed by the defendant, was on the 2d day of October, 1888, when Benjamin F. Moore paid to Corwin the sum of $18, which was all the interest that was then due upon the same. The plaintiff insists that this claim is not a set-off or counterclaim as against the bond, because the defendant and her husband were the parents of Harvey and the grandparents of Millie, and that no implied agreement on the part of Harvey to pay for this board and maintenance can be assumed because of the relationship of the parties. The defendant claims that she has proved an express contract between herself and husband and Harvey that he should pay them for the board and maintenance of his daughter, and that he would apply it upon the bond and mortgage, and have them canceled, and that he would procure the bond and mortgage of the owner for that purpose; and he did procure the same from Corwin in September, 1889, and later on in that year Harvey exhibited the bond and mortgage to Moore and wife, and said he had taken them up, and done as he agreed, and that the place was theirs, and that this they relied upon, and continued to board and maintain Millie as before. This was substantially proved by the testimony of Edward Moore, a son of the defendant, and he was strongly sustained by a witness who was the undertaker at the funeral of the girl, who says that at that time Harvey said, in effect, that he owned the bond and mortgage, but that it should never bother his mother, (the defendant,) as she had taken care of the girl, Millie. A witness of the defendant, Pixley M. Humphrey, testified as to a statement made by the defendant that Harvey had paid her all up for taking care of the girl, according to agreement. The fair inference from that evidence is that there was an agreement to pay, and that it was performed as claimed by the defendant. The plaintiff attacks the credibility of Edward Moore, not by producing witnesses who would not credit him, or to show that his character was bad, but that prior to 1887, in the fall thereof, it was shown by this witness on cross-examination that he had been convicted of a crime, (I think of forgery,) and served a term in state's prison upon such conviction. It appeared that since that time he had resided in Niagara county; had served as a constable in the town in which he lived; that he was in a condition to know the matters stated by him; and from the confirmations of his statements, above alluded to, and all the surrounding circumstances of the case, I have reached the conclusion that his evidence is true. This being so, a contract has been proved whereby the defendant was to have compensation from

Harvey for maintaining his daughter. It appears that such compensation exceeds the amount due upon the bond, and that he held the bond and mortgage at the time that this debt or obligation for the support and maintenance accrued. The just compensation due for the support and maintenance of the daughter exceeded the amount of the bond and mortgage and the accrued interest, and therefore the bond was paid and satisfied at the commencement of this action, and the plaintiff cannot recover or have the relief demanded in his complaint. It is strenuously claimed by the plaintiff that the defendant is estopped by her conduct and representations from asserting this defense; that she, in fact, induced the plaintiff to take this bond and mortgage; and that she omitted to notify him of any such defense; and that she was also estopped by her acts and representations to Phineas Corwin, who was the assignor of the plaintiff of the bond and mortgage, and the assignee of the same of Harvey D. Moore. A review of all the evidence upon this subject fails to satisfy me that this contention is true. There is not a preponderance of evidence in its favor, and the burden is upon the plaintiff to establish it. The defendant must have judgment dismissing the complaint, with costs against the plaintiff, and that the bond and mortgage should be decreed paid and satisfied, and the mortgage discharged of record. Ordered accordingly.